# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-2263V**

SHAWN BLAU,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: June 30, 2026

*Jonathan Joseph Svitak, Shannon Law Group, PC, Woodridge, IL, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING CASE[1]

On December 7, 2021, Shawn Blau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") – as a result of his September 21, 2020 influenza ("flu") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Relevant Procedural History

As noted above, the case was initiated in December 2021. At the time of this case's activation from the Pre-Assignment Unit in *March 2024*, I directed Petitioner to submit his certified primary care records for the three-year pre-vaccination period, as required by Vaccine Rule 2(c)(2)(A). ECF No. 22. Following two extensions of time, Petitioner submitted an affidavit detailing counsel's unsuccessful efforts to obtain the outstanding records and otherwise confirming that the requested pre-vaccination records do not exist. ECF No. 27.

Thereafter, Respondent filed his Rule 4(c) Report in defense of this case in December 2024. ECF No. 31. In it, he argued that Petitioner could not establish a Table SIRVA claim, as his medical records do not attribute the onset of his left shoulder pain to the subject vaccination until over *seven months* post vaccination (despite intervening visits), and that his statements to treaters suggest an onset outside the Table's two-day timeframe. *Id.* at 9-10, 12 (internal citations omitted). Given Petitioner's delay in seeking care, Respondent relatedly questioned whether Petitioner could establish the Act's statutory six-month severity requirement. *Id.* at 16-19.

In September 2025, I issued an Order to Show Cause affording Petitioner an opportunity to remedy the deficiencies in the record regarding Petitioner's ability to establish Table-consistent onset for a SIRVA claim (and relatedly the statutory six-month severity requirement). *See generally* ECF No. 32. In response sixty days later, Petitioner submitted a status report stating that he "has not yet confirmed whether any additional evidence exists" and thus requested additional time to submit said evidence or confirm no additional evidence exists. ECF No. 33. I thus extended Petitioner's deadline and gave him thirty days (until December 5th) to comply with my Order to Show Cause. Non-PDF Order, docketed Nov. 5, 2025.

Petitioner missed this deadline by three days and on December 8, 2025, he submitted another status report. ECF No. 34. Petitioner stated that he is "in the process of obtaining and completing additional affidavit evidence" and anticipates filing a statement of completion within thirty days. *Id.* I thus gave Petitioner an additional thirty days (until January 9, 2026), to submit additional evidence as outlined in my Order to Show Cause. Non-PDF Order, docketed Dec. 10, 2025.

Petitioner subsequently missed this deadline and has not otherwise submitted further evidence. Thus, in February 2026, I issued a second Order to Show Cause for Petitioner's failure to prosecute his claim. ECF No. 35. I warned Petitioner that, at that time, he had now had **157 days** since the Order to Show Cause (and **417 days** since the

filing of Respondent's Rule 4(c) report raising the onset objection) to submit the information previously ordered by the court. *See id.*

In response, Petitioner submitted a status report stating that counsel "has not been able to get in touch with Petitioner for several months[,]" despite copies of the Order to Show Cause having been provided. ECF No. 36. I thus afforded counsel additional time to locate Petitioner and to determine how he wished to proceed. Non-PDF Order, docketed Apr. 14, 2026. In late April 2026, Petitioner's counsel reported that he had located a new physical address for Petitioner and that copies of the Order to Show Cause had likewise been sent via regular and certified mail, and via e-mail; counsel also confirmed delivery of the Order via priority mail. ECF No. 37. Petitioner's counsel noted that he received confirmation that the copy sent via certified mail could not be delivered but that an attempt at re-delivery would be made in early May. *See id.* I thus gave counsel additional time to get in contact with Petitioner. Non-PDF Order, docketed June 5, 2026.

On June 15, 2026, Petitioner submitted a status report stating that "Petitioner has not responded to any of Petitioner's counsel's attempts to contact Petitioner via phone call, e-mail, regular mail, certified mail, or UPS delivery." ECF No. 38. More so, "[c]opies of the Court's February 9, 2026 Order to Show Cause have been sent to Petitioner via e-mail, regular mail, and UPS Delivery[,]" with UPS providing proof of delivery to Petitioner. *Id.*

## II. Failure to Prosecute

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my September 5, 2025 and February 9, 2026 Orders to Show Cause, that his failure to follow orders issued in this matter (and specifically in this case the failure to communicate with his counsel) risked dismissal of the claim. Because Petitioner has disregarded my orders, without justification or explanation, dismissal is now appropriate.

## III. Conclusion

Petitioner has failed to communicate with his counsel and to prosecute his claim. He has failed to provide the information necessary to proceed with his claim or respond to my Orders to Show Cause.

**Accordingly, this case is DISMISSED for failure to prosecute**. Petitioner's counsel shall provide a copy of this Decision to Petitioner by regular, certified, and electronic mail. The clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.